**YEE MEE, as Guardian Ad Litem for Yee Ping, a minor, Plaintiff,**

v.

**John Foster DULLES, as Secretary of State for the United States of America, Defendant.**

**Civ. A. No. 10988.**

United States District Court
W. D. Pennsylvania.

Dec. 12, 1955.

Zeno Fritz, Pittsburgh, Pa., for minor.

Hubert I. Teitelbaum, First Asst. U. S. Atty., Pittsburgh, Pa., for defendant.

GOURLEY, Chief Judge.

This is a petition to be declared a national or citizen of the United States pursuant to the provisions of the Nationality Act. 8 U.S.C.A. § 1503 (formerly 8 U.S.C.A. § 903).

The matter comes before the court on motion of the United States to dismiss for failure to prosecute the action to a conclusion. Petitioner, as an alternative, moves the court to grant a continuance until such time as the United States would issue a certificate of identity admitting him to the United States for the sole purpose of prosecuting said action.

■ The instant proceeding was instituted by a guardian ad litem, which is in accordance with law. Joong Tung Yeau v. Dulles, 9 Cir., 225 F.2d 854.

Petitioner, at present a resident of Hong Kong, China, avers that he is a lawful blood son of a United States citizen of Chinese nationality, and further avers that he has met all requirements of law to be declared a national of the United States. In order to appear in the United States before this court for trial, application was made for a certificate of identity with the United States Consul at Hong Kong and was refused. To date petitioner has failed to appeal but such an appeal is maintainable to the Secretary of State.

In the event of failure to secure the presence of petitioner, the trial plans would require an attempt to establish petitioner's contentions by indirect or circumstantial evidence.

The additional expense and effort, as well as a possible unsatisfactory record, if the latter method of trial is adopted, indicate why counsel is willing to have the actual disposition of the case delayed until he has exhausted every possibility of having petitioner present in court.

■ The law is well settled that whether he is within the United States or abroad, a litigant may seek his rights under the Nationality Act. I am most heartily in accord with the United States Supreme Court when it said: "It is better that many Chinese immigrants should be improperly admitted than that one natural born citizen of the United States should be permanently excluded from his country." Kwock Jan Fat v. White, 253 U.S. 454, 40 S.Ct. 566, 570, 64 L.Ed. 1010.

We are not here dealing with one asking to become a citizen but with the right to establish a claimed existing United States citizenship. Such citizenship is described as the highest hope of civilized man. For nowhere in the world today is the right of citizenship of greater worth to an individual than it is in this country. Schneiderman v. United States, 320 U.S. 118, 63 S.Ct. 1333, 87 L. Ed. 1796.

■ The facts and the law should be construed as far as is reasonably possible in favor of the citizen. Schneiderman v. United States, supra; Fukumoto v. Dulles, 9 Cir., 216 F.2d 553.

■■ Refusal of a visa for lack of identity of the applicant on the ground that he is not the person claiming to be a national of the United States can in no way influence this court in its determination of the petitioner's rights in this court. It would, therefore, appear that the instant proceeding must be retained until the petitioner's rights are properly adjudicated. Chin Chuck Ming v. Dulles, 9 Cir., 225 F.2d 849.

Motion of the United States to dismiss for failure to prosecute will be refused. Petitioner's motion for continuance will be granted.

An appropriate order is entered.