MATTER OF N—

In EXCLUSION Proceedings

A-12473274

*Decided by Board October 17, 1961*

**Expatriation—Five years' foreign residence by naturalized citizen—Section 352(a)(2), 1952 Act—Retroactive effect of 1959 amendment to section 354(5) of Act.**

Amendment of August 4, 1959 to section 354(5) of the Immigration and Nationality Act exempting from expatriation under section 352(a)(2) of the Act a naturalized citizen who has had not less than 15 years' residence in the United States subsequent to lawful admission for permanent residence and prior to age 21 is construed to operate retrospectively to preserve citizenship of one who had already expatriated under section 352(a)(2) by having completed five years of foreign residence prior to August 4, 1959 and who did not come within the exemption of section 354(5) as originally enacted.

EXCLUDABLE: Act of 1952—Section 212(a)(20) [8 U.S.C. 1182(a)(20)]—No immigrant visa.

## BEFORE THE BOARD

**DISCUSSION:** An order entered by the special inquiry officer on August 8, 1961, provides for the admission of the above-captioned applicant as a United States citizen. The opinion and order was certified to the Board of Immigration Appeals for final review because the case involved a novel question of law relating to the statutory construction of section 354(5) of the Immigration and Nationality Act (8 U.S.C. 1486(5)), as amended by the Act of August 4, 1959 (Public Law 86–129).

The applicant, female, a native of Glasgow, Scotland, born February 20, 1916, was 5 years of age when she emigrated to the United States with her parents in 1921. She derived United States citizenship through her father's naturalization at San Francisco, California, on June 6, 1927. A certificate of citizenship was issued to her on August 13, 1947.

The applicant resided in the United States from 1921 until her marriage to a Canadian citizen in September of 1941. She returned to the United States in June of 1946 and resided here until April of

1949. Since April of 1949 she has resided at Victoria, British Columbia, Canada. The applicant testified that she returned to the United States for temporary visits on several occasions in 1953, 1954, 1956 and 1959.

The special inquiry officer concludes that the applicant did not expatriate herself under section 404 of the Nationality Act of 1940 by residing in Canada from September 1941 to June of 1946 because under an amendment to the Nationality Act of 1940 loss of citizenship based upon extended foreign residence could occur for the first time on October 14, 1946 (Act of October 11, 1945; 59 Stat. 544, 8 U.S.C. 809)). The applicant's general place of abode and residence was in the United States on October 14, 1946.

The applicant's Canadian residence totaled approximately 3 years 7 months between the time she returned to Canada in April of 1949 and the effective date of the Immigration and Nationality Act (December 24, 1952). The special inquiry officer concludes that since the applicant did not acquire Canadian nationality [1] during the period of her residence in Canada from September 15, 1941, to June of 1946, her residence in Canada from April 1949 to December 24, 1952, did not result in expatriation because paragraphs (a) and (b) of section 404 of the Nationality Act of 1940 apply only to naturalized nationals who reside in "the territory of a foreign state of which he (she) was formerly a national."

The remaining period of the applicant's residence in Canada (December 24, 1952, to date) is governed by section 352(a)(2) of the Immigration and Nationality Act (8 U.S.C. 1484). It provides as follows:

Sec. 352. (a) A person who has become a national by naturalization shall lose his nationality by— * * *

(2) having a continuous residence for five years in any * * * foreign state or states, except as provided in sections 353 and 354 of this title, *whether such residence commenced before or after the effective date of this Act.* (Emphasis supplied.)

Since the statute makes continuous foreign residence for 5 years before or after December 24, 1952, the test for expatriation of a national by naturalization, the special inquiry officer concludes that the applicant's residence in Canada from April 1949 to April 1954 was sufficient to expatriate her unless she comes within the excep-

---

[1] The applicant was born a British national in Scotland. She acquired the status of a British subject by her marriage in 1941 to a native of Canada. However, under section 2 of the Canadian Nationals Act of 1921 (Ch. 27, R.S. Canada, 1927) she did not acquire Canadian nationality because she did not qualify as a British subject who is a "Canadian citizen" by reason of domicile in Canada for at least five years subsequent to entry. The applicant's domicile in Canada from September 15, 1941, to June 1946, falls short of the required five years.

tions provided by sections 353 [2] and 354 [3] of the Immigration and Nationality Act (8 U.S.C. 1485 and 1486).

An examination of the ten subdivisions of section 353 of the Immigration and Nationality Act makes it clear that the applicant does not come within the exceptions enumerated therein. This also is true for the first four paragraphs of section 354. Public Law 86-129, Act of August 4, 1959, amended paragraph (5) of section 354, *supra*, by reducing the residence required in the United States from 25 to 15 years and by adding the clause "or who prior to attaining the age of 21 years, shall have had his residence in the United States for not less than 15 years subsequent to his lawful admission for permanent residence."

The applicant prior to her twenty-first birthday on February 20, 1937, resided in the United States for a period of 16 years subsequent to her lawful admission for permanent residence in 1921. The issue involved is whether the amendment of August 4, 1959 (Public Law 86-129) operates retrospectively to preserve the citizenship of those who had already expatriated under section 352 (a)(2) of the Immigration and Nationality Act and did not come within the exception of section 354(5) as originally enacted.

We have here an issue of first impression and we find no precedent either by this Board or the courts construing the last clause of section 354(5), as amended. The special inquiry officer has noted in his opinion that the State Department has issued an instruction to its diplomatic and consular service which construes the amendment as having only prospective application and, therefore, does not operate to restore nationality lost prior to the amendment. [4]

The facts and the law of a case involving loss of nationality should be construed as far as is reasonably possible in favor of a retention of United States citizenship. Cf., *Schneiderman v. United States*, 320 U.S. 118, 122 (1943); *Chin Chuck Ming v. Dulles*, 225 F.2d 849 (C.A. 9, 1959); *Yee Mee v. Dulles*, 136 F. Supp. 199 (D.C., W.D. Pa., 1955); *Fletes-Mora v. Rogers*, 160 F. Supp. 215 (D.C., S.D. Cal., 1958), and cases cited therein at p. 218; *Attorney General of United States v. Ricketts*, 165 F.2d 193 (C.A. 9, 1947). The special inquiry officer is of the opinion that the amendment to section 354(5) of the Immigration and Nationality Act, *supra*, is susceptible of retrospective application and should be so construed, since the primary interest of Congress [5] was to insulate from loss

---

[2] See Appendix for text of section 353 of the Immigration and Nationality Act (8 U.S.C. 1485).

[3] See Appendix for text of section 354 of the Immigration and Nationality Act (8 U.S.C. 1486).

[4] Department of State Instruction 1314, C.A. 2493, September 16, 1959.

[5] See excerpt from Senate Report No. 560 and House Report No. 398, 86th Congress, First Session, set forth in the Appendix.

of United States citizenship a class of naturalized nationals who had resided in the United States for 15 years subsequent to naturalization or who had entered the United States prior to their sixth birthday and had spent their formative years in this country. He reasons that if the amendment is construed as prospective only, it would defeat the congressional purpose by denying the benefits of legislation which is clearly remedial to naturalized nationals who completed 5 years' foreign residence between December 24, 1952, and August 4, 1959, namely, the period between the original enactment of the Immigration and Nationality Act and its amendment.

The special inquiry officer concludes that the applicant did not lose her United States citizenship by reason of her residence in Canada subsequent to December 24, 1952, because she comes within the provision of the exemption provided by the amendment to section 354(5), *supra*, effective August 4, 1959. We agree with this conclusion and concur in the authorities cited to support it.

Upon careful consideration of the entire record, the findings of fact and conclusions of law proposed by the special inquiry officer in his opinion of August 8, 1961, and served upon the applicant on August 16, 1961, are hereby adopted. An appropriate order will be entered.

**ORDER:** It is ordered that the order entered by the special inquiry officer on August 8, 1961, admitting the applicant as a United States citizen is hereby affirmed.

### APPENDIX

Sections 353 and 354 of the Immigration and Nationality Act (8 U.S.C. 1485 and 1486) provide, as follows:

Sec. 353. Section 352(a) shall have no application to a national who—

(1) has his residence abroad in the employment of the Government of the United States; or

(2) is receiving compensation from the Government of the United States and has his residence abroad on account of disability incurred in its service; or

(3) shall have had his residence in the United States for not less than twenty-five years subsequent to his naturalization and shall have attained the age of sixty years when the foreign residence is established; or

(4) had his residence abroad on October 14, 1940, and temporarily has his residence abroad, or who thereafter has gone or goes abroad and temporarily has his residence abroad, solely or principally to represent a bona fide American educational, scientific, philanthropic, commercial, financial, or business organization, having its principal office or place of business in the United States, or a bona fide religious organization having an office and representative in the United States, or an international agency of an official character in which the United States participates, for which he received a substantial compensation; or

(5) has his residence abroad and is prevented from returning to the United States exclusively (A) by his own ill health; or (B) by the ill health of

493

his parent, spouse, or child who cannot be brought to the United States, whose condition requires his personal care and attendance: *Provided,* That in such case the person having his residence abroad shall, at least every six months, register at the appropriate Foreign Service office and submit evidence satisfactory to the Secretary of State that his case continues to meet the requirements of this subparagraph; or (C) by reason of the death of his parent, spouse, or child: *Provided,* That in the case of the death of such parent, spouse, or child the person having his residence abroad shall return to the United States within six months after the death of such relative; or

(6) has his residence abroad for the purpose of pursuing a full course of study of a specialized character or attending full-time an institution of learning of a grade above that of a preparatory school: *Provided,* That such residence does not exceed five years; or

(7) is the spouse or child of, or has a son or daughter who is, an American citizen, and who has his residence abroad for the purpose of being with his American citizen spouse, parent, or son or daughter who has his residence abroad for one of the objects or considerations specified in paragraph (1), (2), (3), (4), (5), or (6) of this section, or paragraph (2) of section 354 of this title; or

(8) is the spouse or child of an American national by birth who while under the age of twenty-one years had his residence in the United States for a period of [or] periods totaling ten years, and had his residence abroad for the purpose of being with said spouse or parent; or

(9) was born in the United States or one of its outlying possessions, who originally had American nationality and who, after having lost such nationality through marriage to an alien, reacquired it; or

(10) has, by Act of Congress or by treaty, United States nationality solely by reason of former nationality and birth or residence in an area outside the continental United States: *Provided,* That subsections (b) and (c) of section 404 of the Nationality Act of 1940, as amended (8 U.S.C. 804(b) and (c)), shall not be held to be or to have been applicable to persons defined in this paragraph.

Sec. 354.   Section 352(a)(2) of this title shall have no application to a national—

(1) who is a veteran of the Spanish-American War, World War I, or World War II, or of the Korean hostilities (having served honorably in an active-duty status in the military, air, or naval forces of the United States during a period beginning June 25, 1950, and ending July 1, 1955), and the spouse, children, and dependent parents of such veteran whether such residence in the territory of a foreign state or states commenced before or after the effective date of this Act: *Provided,* That any such veteran who upon the date of the enactment of this Act has had his residence continuously in the territory of a foreign state of which he was formerly a national or in which the place of his birth is situated for three years or more, and who has retained his United States nationality solely by reason of the provisions of section 406(h) of the Nationality Act of 1940, shall not be subject to the provisions or requirements of section 352(a)(1) of this title: *Provided further,* That the provisions of section 404(c) of the Nationality Act of 1940, as amended, shall not be held to be or to have been applicable to veterans of World War II;

(2) who has established to the satisfaction of the Secretary of State, as evidenced by possession of a valid unexpired United States passport or other valid document issued by the Secretary of State, that his residence

494

is temporarily outside of the United States for the purpose of (A) carrying on a commercial enterprise which in the opinion of the Secretary of State will directly and substantially benefit American trade or commerce; or (B) carrying on scientific research on behalf of an institution accredited by the Secretary of State and engaged in research which in the opinion of the Secretary of State is directly and substantially beneficial to the interests of the United States; or (C) engaging in such work or activities, under such unique or unusual circumstances, as may be determined by the Secretary of State to be directly and substantially beneficial to the interests of the United States;

(3) who is the widow or widower of a citizen of the United States and who has attained the age of sixty years, and who has had a residence outside of the United States and its outlying possessions for a period of not less than ten years during all of which period a marriage relationship has existed with a spouse who has had a residence outside of the United States and its outlying possessions in an occupation or capacity of the type designated in paragraph (1), (2), (3), (4), or (5)(A) of section 353, or paragraphs (1), (2), or (4) of this section;

(4) who has attained the age of sixty years, and has had a residence outside of the United States and its outlying possessions for not less than ten years, during all of which period he has been engaged in an occupation of the type designated in paragraphs (1), (2), or (4) of section 353, or paragraph (2) of this section, and who is in bona fide retirement from such occupation; or

(5) who shall have had his residence in the United States for not less than fifteen years subsequent to his naturalization and prior to the establishment of his foreign residence; or who prior to attaining the age of twenty-one years, shall have had his residence in the United States for not less than fifteen years subsequent to his lawful admission for permanent residence.

Senate Report No. 560 (p.2) and House Report No. 398 (p.2), 86th Congress, First Session, state:

It is felt that the steadily increasing activities of American citizens abroad justify the reduction of the 25-year residence requirement to 15 in the case of naturalized citizens subject to the 5-year rule.

Similarly, it is felt that naturalized U.S. citizens who entered the United States in their early youth, prior to their sixth birthday, and thus spent their formative years in this country, should have all of their residence in the United States, prior to attaining 21 years of age, counted within the residential requirement which would exempt them from loss of U.S. citizenship.